## The Mechanics and Traders Bank of New Orleans v. Andrew Hodge and another.

Plaintiffs having obtained a judgment against the defendants, seized, under a *fi. fa.*, all the rights, credits, money, and other property of defendants, in the hands, or under the control, of the Receiver of Public Moneys at New Orleans. A draft from the Commissioner of the General Land Office on the Receiver, in favor of one of the defendants, was presented for payment after the seizure, which was not accepted, there not being, at the time, sufficient funds in the hands of the Receiver. The draft was subsequently given up by the holder, and the instructions to pay it revoked. On a rule on the Receiver, to show cause why he should not pay over the money in his hands belonging to defendant : *Held*, that the Receiver had no funds belonging to the defendant; that the money belonged to the United States, and until paid over remained under the control of the government; that the mere order to pay, did not, of itself, transfer to the defendant any money in the hands of the Receiver, but was, at most, only an acknowledgment of the debt.

A rule cannot be taken on an officer of the United States, in his official capacity, to show cause why he should not pay over money, seized in his hands under a *fi. fa.*, as the property of a third person. To condemn him to pay as an officer, would be to condemn the government, which cannot be done.

Appeal from the District Court of the First District, *Buchanan*, J.

This case was submitted, without argument, by *L. Peirce*, for the appellants, and *I. W. Smi h*, for the defendants.

Morphy, J. The plaintiffs having obtained a judgment against A. Hodge, took out a *fi. fa.*, under which the sheriff seized, in the hands of A. S. Lewis, the Receiver of Public Moneys for the government of the United States in this place, all the goods and chattels, lands and tenements, rights, credits, &c., belonging to A. Hodge, which he might have in his possession or under his control, and especially the amount of a certain draft or bill of exchange drawn by the government of the United States on the said Receiver, in favor of A. Hodge. The sheriff's return concludes by stating, that from this seizure nothing came into his hands. A rule was sometime after taken by the plaintiffs on the Receiver, Lewis, to show cause why he should not pay over to the sheriff the moneys seized in his hands, belonging to A. Hodge, under their execution against him. The judge below having discharged the rule, after hearing the parties, the plaintiffs appealed.

The record shows that the seizure was made in the hands of the Receiver, on the 30th of July, 1842. That on the 22d of August following, a draft for $2858 27, was drawn by the government on the Receiver of the Public Moneys, in favor of one George May, as attorney for A. Hodge, but that when presented, that officer refused to accept it, not having sufficient funds in hand. It further appears that, on the 20th of September following, the draft having been given up by George May, was cancelled, and the instructions given to pay its amount, revoked by the General Land Office.

Under these facts, it is clear that nothing was ever seized under the execution of the plaintiffs. The Receiver had no funds in his hands belonging to A. Hodge, either at the time of the seizure, or since. Whatever moneys he had in his possession as Receiver, always belonged to the United States. The draft subsequently drawn, was never accepted. So long as its amount was not paid over, it remained under the control of the government, which could revoke previous instructions to its agent in relation to it. The mere order to pay A. Hodge a certain sum, did not, of itself, transfer to him any moneys in the hands of the Receiver to an equal amount. It was, at most, an acknowledgment of his claim on the United States. But leaving out of view the facts of the case, it is not easy to perceive how the rule taken in this case could, under any circumstances, be entertained against A. S. Lewis, in his official capacity ; for, being only an agent of the government, to condemn him to pay, as Receiver, would be condemning the government itself, which was not amenable to the court below.

*Judgment affirmed.*